WILLIAM HERDMAN, late sheriff, vs. ABRAHAM BRATTEN.

An erasure of a deed after the signing, though in an immaterial part, vitiates it,
A deed cannot be delivered as an *escrow to the party.*

DEBT on a replevin bond.  Plea, non est factum.  Issue.

On a distress for rent arrear to Burnham and Wilson, John Fen-
nimore, the tenant, replevied, and entered into a replevin bond to the
sheriff, with William Hukill and Abraham Bratten, the defendant,
as his sureties, conditioned in the usual form.  Fennimore failed to
prosecute his replevin, and judgment went against the sheriff.  He
now sued the bond.

John Wiley, the attesting witness to the bond, proved the signing
by Bratten, but on the express condition that Thompson Wilson,
and William Welden, whose names were in the bond, should also
sign it.  Herdman said he should object to the security without them.
Fennimore and Bratten signed the paper, and left it on the table in
Herdman's office, with the understanding that it was to be presented
to Wilson and Welden for their signatures ; and Bratten said he
would have nothing to do with it unless they signed.  The names of
Wilson and Welden were then in the body of the bond ; they never
signed it, and their names are now erased.

*Booth,* for defendant, objected to the admission of the bond.

*Booth.*—Under the plea of non est factum the plaintiff must prove
that the defendant executed the instrument as his deed.  The proof
is of a conditional delivery if Wilson and Welden should sign : not
otherwise.  They did not sign, and the names of Wilson and Welden
have since been erased.  4 *Barn. & Ald.* 439.

*R. H. Bayard.*—The objection is that the deed was delivered as
an *escrow.*  It must be one or the other ; a complete delivery, or de-
livery as an escrow.  But a deed can't be delivered as an escrow
*to the party.*  If so delivered it is a full delivery, and the condition
is void.  *Co. Litt.* 36, *a.;* 2 *Stark.* 477.  True, a deed thus delivered
may be void for *fraud,* but the fraud must be suggested by the plead-
ings.  5 *Cranch,* 350 ; *Moss* vs. *Riddle & Co.*  Fraud cannot be set
up under the plea of non est factum.

*Booth.*—There is no proof of delivery at all.  It was to be no deed
until executed by Wilson and Welden.

*Per Curiam.*—Independently of the question raised, we are struck
with the fact that the bond has been altered.  When signed by Bratten,
it stood " We, John Fennimore, William Hukill, Abraham Bratten,
Thompson Wilson, and William Welden."  It now stands with the
last two names erased ; and the bond having been in Herdman's pos-

session, it must be presumed that he made the alteration, unless he show the contrary. The alteration, even in an immaterial point, avoids the deed. It is not the deed that Bratten signed. 2 *Starkie,* 476.

If the plaintiff has any testimony to show that this alteration was not made by his consent, we will hear it.

But the court also inclined to the opinion, that the other point was against the plaintiff. Not on the point of delivery as an escrow merely, but here it was understood by the parties that all the persons named in the deed should sign it. The case cited from *Cranch* doesn't come up to this. The plea is not there non est factum, but a special plea that the deed was delivered as an escrow, which don't amount to non est factum, and which was not sustained, and could not be, because a deed cannot be delivered to the *party as an escrow.* Non est factum is a better plea in this action, than per fraudem. The idea of fraud is not sustained by the alteration in this deed, or by the violation of any understanding the parties had. It was no doubt the intention to send the bond to Wilson and Welden; and the sheriff afterwards, considering Bratten and Hukill good enough with Fennimore, thought he had the right to strike out the names of those who did not sign. We think this vitiates the deed; and have a strong impression also, on the other point against the plaintiff.

Judgment of nonsuit.

*R. H. Bayard*, for plaintiff.
*Booth*, for defendant. ·